COPY

**MILSTEIN, ADELMAN & KREGER, LLP**
Gillian L. Wade, State Bar No. 229124
gwade@maklawyers.com
Michael I. Miller, State Bar No. 266459
imiller@maklawyers.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone:   (310) 396-9600
Fax:           (310) 396-9635

**GOLOMB & HONIK, P.C.**
Richard M. Golomb (PA Bar No. 42845)
RGolomb@golombhonik.com
Ruben Honik (PA Bar No. 33109)
RHonik@golombhonik.com
Kenneth J. Grunfeld (PA Bar No. 84121)
KGrunfeld@golombhonik.com
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Telephone:   (215) 985-9177
Fax:           (215) 985- 4169

Attorneys for Plaintiff,
Negin Zarandi and the Proposed Class

FILED
BY:
CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF
LOS ANGELES
10 NOV -2 PM 3: 43

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEGIN ZARANDI, individually and on behalf of all others similarly situated, | **CV10 8309** |
| | **CLASS ACTION** |
| Plaintiff, | COMPLAINT |
| vs. | 1. BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING |
| ALLIANCE DATA SYSTEMS CORPORATION, a Delaware Corporation, and WORLD FINANCIAL NETWORK NATIONAL BANK, a Delaware Corporation; and DOES 1 through 100, inclusive, | 2. VIOLATION OF CALIFORNIA CIVIL CODE § 1670.5 |
| | 3. VIOLATION OF BUS. & PROF. CODE § 17200, *et seq.* (UNFAIR AND FRAUDULENT PRONGS) |
| | 4. VIOLATION OF BUS. & PROF. CODE § 17200, *et seq.* (UNLAWFUL PRONG) |
| Defendants. | 5. VIOLATION OF BUS. & PROF. CODE § 17500, *et seq.* |
| | 6. VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.* (Consumer Legal Remedies Act) |
| | 7. UNJUST ENRICHMENT |
| | **DEMAND FOR JURY TRIAL** |

RSWL   JCG

CLASS ACTION COMPLAINT

Plaintiff Negin Zarandi ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class"), brings this class action against Defendants ALLIANCE DATA SYSTEMS CORPORATION and WORLD FINANCIAL NETWORK NATIONAL BANK (collectively referred to as "Defendants"). Plaintiff seeks certification of this matter as a class action. Plaintiff, by and through her attorney, submits this Class Action Complaint (the "Complaint") against the defendants named herein and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed plaintiff class, on the one hand, and Defendants, on the other, are citizens of different states.

2. This Court has jurisdiction over Defendants because both companies have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the markets within California, through their promotion, sales, and marketing efforts in California, to render the exercise of jurisdiction by this Court proper and necessary. Moreover, Defendants can both be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

3. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events and misrepresentations giving rise to Plaintiff's claims occurred in this District, Plaintiff resides in Los Angeles County, and Plaintiff purchased the subject products and entered into the subject contract in Los Angeles County.

## NATURE OF THE ACTION

4. This proposed or putative class action stems from the illicit activities

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1   undertaken by Defendants while marketing and selling products associated with

2   WFNNB credit cards known as "Account Assure," "Account Assure Pro," and other

3   monikers that all offer similar coverage in the form of a service which makes

4   minimum monthly payments on behalf of a subscriber if he or she becomes

5   unemployed or disabled (hereinafter collectively referred to as "Payment Protection").

6       5.    Although Defendants' Payment Protection is indistinguishable from a

7   contract of credit insurance, Payment Protection is not marketed or sold as insurance.

8   Defendants do not register Payment Protection with the California Department of

9   Insurance, thereby avoiding state regulation.

10       6.    Defendants violated the law not only through the sale of a product that

11   should be – but is not, due to its unlawful activities – subject to insurance regulations,

12   but also by the deceptive and misleading manner in which it offers the Payment

13   Protection plan to consumers, and the manner in which it administers claims for

14   benefits by consumers.

15       7.    Defendants market Payment Protection primarily through telemarketing.

16   They represent Payment Protection as a service that suspends or cancels the required

17   minimum monthly payment due on the subscriber's credit card account and excuses

18   the subscriber from paying the monthly interest charge and the Payment Protection

19   plan fee for a limited period of time, preventing the account from becoming

20   delinquent.

21       8.    Despite its simple explanation for marketing purposes, Defendants'

22   Payment Protection plan is a dense maze of limitations, exclusions and restrictions,

23   making it impossible for customers to determine what Payment Protection covers and

24   whether it is a sound financial choice.

25       9.    Upon information and belief, Defendants make no effort to determine

26   whether a subscriber is eligible for Payment Protection benefits at the time of sale. As

27   a consequence, Defendants bill thousands of unemployed, retired, and disabled

28   California residents for Payment Protection coverage, even though their employment

1    or health status prevents them from receiving benefits under the plan.

2       10.   Further, Defendants make no effort to determine whether subscribers

3    become ineligible for Payment Protection benefits after the plan is sold.  Accordingly,

4    when subscribers' employment or health statuses change, they will continue to pay for

5    the product even though they may no longer be eligible for benefits under the plan.

6       11.   Upon information and belief, Defendants require customers to enroll for

7    Payment Protection coverage <u>before</u> they provide subscribers with the terms and

8    conditions of the plan.  By not adequately disclosing the terms of Payment Protection

9    coverage to consumers <u>before</u> they buy the product, Defendants  are violating –

10   among other things – California Business & Professions Code § 17200, *et seq.* and

11   California Civil Code § 1750, *et seq.*

12      12.   Days or weeks after the sale of Payment Protection, Defendants may in

13   some instances mail written material to the subscriber.  Given the confusing way the

14   written materials present the terms and conditions of Payment Protection, it is

15   extremely difficult for a subscriber to decipher those provisions.

16      13.   Defendants have established their "customer service" support in such a

17   way that subscribers cannot easily cancel the plan or receive answers to benefit

18   questions.  Moreover, Defendants have established the "claim filing" system such that

19   subscribers cannot easily receive benefits for filed claims.

20      14.   Defendants do not refund Payment Protection premiums even after

21   denying subscribers claims for Payment Protection benefits, nor do they address

22   subscribers' continued obligations to pay the monthly fee for Payment Protection after

23   a claim has been denied.

24      15.   Payment Protection is so confusing as to when coverage is triggered, so

25   restricted in terms of the benefits it provides to subscribers, and processing claims is

26   made so difficult by Defendants, that the product is essentially worthless.

27      16.   Defendants know that for those subscribers who choose to pay for

28   Payment Protection, few will ever receive benefits under the plan and even for those

*Milstein, Adelman & Kreger, LLP*
*2800 Donald Douglas Loop North*
*Santa Monica, California 90405*

3

1   that do, the amounts paid in "premiums" will usually exceed any benefits paid out.

2       17.   As a result of its misleading and deceptive marketing practices in

3   connection with sale of Payment Protection, Defendants have increased their profits

4   by many millions of dollars, all thanks to a product which provides no benefits to

5   thousands of California residents who are nevertheless charged for the product month

6   in and month out.

7   **PARTIES**

8       18.   Plaintiff Negin Zarandi ("Plaintiff") resides at 4401 San Blas Ave.,

9   Woodland Hills, California 91364.  Since 2008, Plaintiff has had one credit card in

10   her name from WORLD FINANCIAL NETWORK NATIONAL BANK

11   ("WFNNB") bearing Payment Protection features.

12       19.   Defendant ALLIANCE DATA SYSTEMS CORPORATION ("ADS"),

13   together with its subsidiaries, provides data-driven and transaction based marketing

14   and customer loyalty services primarily in the United States and Canada.  ADS

15   operates through four divisions: Loyalty Services, Epsilon Marketing Services,

16   Private Label Services, and Private Label Credit.  The Private Label Services

17   division encompasses card processing, billing and payment processing, and customer

18   care and collections services for private label retailers.  The Private Label Credit

19   division provides private label retail credit card receivables financing and

20   securitization of the credit card receivables that it underwrites from its private label

21   retail card programs.  ADS primarily serves financial services, specialty retail,

22   grocery and drugstore chains, petroleum retail, technology, hospitality and travel,

23   media, and pharmaceuticals markets. ADS is a Delaware company with its principal

24   place of business in Dallas, Texas.

25       20.   Defendant WFNNB is the private-label and co-branded credit card

26   banking subsidiary of ADS.  Along with affiliate World Financial Capital Bank,

27   WFNNB underwrites cards on behalf of more than 85 businesses.  WFNNB oversees

28   about 120 million cardholder accounts and roughly $4 billion in receivables.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1  WFNNB is a Delaware company with its principal place of business in Wilmington,

2  Delaware.

3      21.   The true names and capacities, whether individual, corporate, associate

4  or otherwise of defendants Does 1 through 100, inclusive, and each of their roles in

5  this case, are unknown to Plaintiff, who therefore sues said defendants by such

6  fictitious names.  Plaintiff further alleges that each of said fictitiously named

7  defendants is in some manner responsible for the acts and occurrences set forth

8  herein.  Plaintiff will amend this Complaint to show their true names and capacities

9  when the same is ascertained, as well as the manner in which each fictitiously named

10 defendant is responsible.

11     22.   Plaintiff is informed and believes, and thereon alleges that at all times

12 mentioned, each of the Defendants is and has been the agent, servant, employee,

13 representative, subsidiary, affiliate, assignee, predecessor, successor-in-interest,

14 partner, joint venturer, alter ego, and/or co-conspirator of each of the other

15 Defendants.  At all relevant times, a unity of interest in ownership and other interests

16 between each of the Defendants existed such that any separateness ceased to exist

17 between them.  The exercise of complete dominance and control over the other

18 Defendant entities and their properties, rights and interests, rendered such entities as

19 mere shells and instrumentalities of each of the other Defendants.

20     23.   In committing the wrongful acts alleged herein, Defendants planned and

21 participated in and furthered a common scheme by means of false, misleading,

22 deceptive and fraudulent representations to induce members of the public to purchase

23 Payment Protection.  Defendants participated in the making of such representations

24 in that each did disseminate or cause to be disseminated said misrepresentations.

25                          **FACTUAL ALLEGATIONS**

26     24.   Defendants have not registered or identified Payment Protection as an

27 insurance product with the California Department of Insurance or other appropriate

28 authorities.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

5

1      25.   Defendants intentionally do not designate Payment Protection as an

2 "insurance product" so they can avoid state regulation and charge higher fees for the

3 product.

4      26.   Upon information and belief, Defendants offer Payment Protection to all

5 of their credit card customers, but aggressively market the product to vulnerable

6 California consumers who fall into the subprime credit category, or customers who

7 have low credit limits because of impaired credit ratings. Defendants market

8 Payment Protection as a service that will safeguard subscribers' credit card accounts

9 by temporarily suspending the required minimum monthly credit card payments due

10 in certain highly restricted circumstances, or permanently canceling accounts in other

11 circumstances. In such circumstances, the subscribers are also not required to pay

12 the monthly interest charges or the Payment Protection plan fee for the month in

13 question.

14      27.   Defendants effectively shift their burden and duty of full disclosure prior

15 to the sale to the customer and require subscribers to decipher the terms of the

16 product <u>after it has already been purchased</u> and take action to cancel it. In fact, the

17 obligation to cancel is affirmative, such that once enrollment is triggered, subscribers

18 are billed for Payment Protection continuously unless some affirmative step is taken

19 to cancel the plan.

20      28.   Subscribers may later be provided with written materials from

21 Defendants. However, it is virtually impossible for the subscriber to determine all of

22 the exclusions and limitations of Payment Protection, or the value of the product,

23 based on what is provided.

24      29.   Upon information and belief, Defendants imposed charges for "Payment

25 Protection" upon California consumers even though individual consumers did not

26 request the product or clearly assent to pay for the product in writing after getting the

27 opportunity to review its governing terms.

28      30.   In other instances, no written materials explaining the terms and

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

6

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1   conditions were ever provided to subscribers.  If Payment Protection is imposed and

2   no written materials are provided, the only way subscribers could ever know they

3   have been enrolled in Payment Protection and are being charged for this product is

4   from noticing a line item fee listed on their monthly credit card statements.

5       31.   The terms of Defendants' Payment Protection scheme are varied,

6   complicated and always changing.  However, all of the various plans provided for

7   some form of payment suspension upon the occurrence of qualifying events,

8   including unemployment and temporary or permanent disability.

9       32.   The restrictions, limitations and exclusions associated with these events

10   that trigger Payment Protection are expansive and constantly evolving.

11       33.   As an example of the misleading and obfuscatory language is

12   Defendants' failure to disclose that Payment Protection is actually akin to an

13   insurance product.  Despite this fact, Defendants marketing strategy carefully avoid

14   any use of the word "insurance."  Defendants refer to "claims," which indicates that

15   Defendants internally regard this as an insurance product.  The fees paid for Payment

16   Protection by consumers are actually premiums.

17       34.   According to the written materials which are only provided <u>after</u> the

18   subscriber has already been enrolled in the plan, a number of restrictions are imposed

19   on Payment Protection, but because they are in small print and in incomplete,

20   indecipherable, misleading and obfuscatory language, are not readily comprehensible

21   to consumers.

22       35.   Upon information and belief, Defendants are in possession of cardholder

23   information, such as date of birth and name of last employer, which would assist in

24   knowing whether a particular cardholder is eligible for Payment Protection.

25       36.   However, Defendants make no reasonable efforts and undertake no

26   investigation, including review of information in their possession regarding the

27   cardholder, to determine if Payment Protection coverage would apply to the

28   cardholder.  Accordingly, Defendants engage in marketing to enroll individuals in

7

1  Payment Protection even when they have information in their possession indicating

2  that the product may have limited or no value to the consumer.

3      37.   Defendants acknowledge that some subscribers are *per se* ineligible to

4  receive Payment Protection benefits, stating in the WFNNB standard form credit card

5  agreement that:

6           There are eligibility requirements, conditions and exclusions that

7           could prevent you from receiving benefits under Account Assure.

8           You should carefully read the contract for a full explanation of the

9           terms of Account Assure.

10  Nevertheless, Defendants still sell these products to their customers.

11      38.   Similarly, the benefits offered to self-employed, retired, and disabled

12  persons are limited, but Defendants nevertheless fail to affirmatively inform such

13  persons of the limitations in benefits when they are enrolled.  In fact, Defendants do

14  not even ask customers whether they fall into these categories.

15      39.   The cost of Payment Protection is a monthly charge based on a

16  subscriber's month-ending credit card balance.

17      40.   As such, Payment Protection also provides Defendants the added benefit

18  of lowering available credit to subscribers through the imposition of this additional

19  fee.  Further, the imposition of the fee creates a cycle of profitability for Defendants,

20  in that the fee itself increases subscribers' monthly credit balances, which in turn

21  increases Payment Protection fees in upcoming months.

22      41.   "Customer service" is available for Defendants' Payment Protection

23  subscribers.   To access customer service, subscribers can call a toll free number or

24  send mail to a P.O. Box in Omaha, Nebraska.

25      42.   Upon information and belief, employees at Defendants' Payment

26  Protection call center are trained to assist subscribers with all questions, including

27  inquiries concerning canceling memberships, plan benefits and filing claims.

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

43.   Defendants have established the customer service system in such a way that it is difficult for subscribers to cancel Payment Protection and to get detailed information about claim benefits or restrictions.

44.   Payment Protection is a profit center for Defendants and serves their interest in generating fee income, to the detriment of their most vulnerable customers.

45.   The Payment Protection device is designed to prey on the financially insecure and is virtually worthless because of the numerous restrictions that are imposed, because of the exclusions of benefits, and because of the administrative and bureaucratic hurdles that are placed in the way of California subscribers who attempt to secure payments from Defendants under Payment Protection coverage.

## FACTUAL ALLEGATIONS AS TO NEGIN ZARANDI

46.   Negin Zarandi signed up for an Ann Taylor Loft Mastercard in 2008. The Mastercard was issued by World Financial Network National Bank ("WFNNB").

47.   After Mrs. Zarandi signed up for the Mastercard, Defendants also solicited her to sign up for Payment Protection.  Believing that Payment Protection would cover her minimum monthly payments in the event she became unemployed or disabled, Mrs. Zarandi agreed to have the service added to her credit card. Defendants stated that the terms and conditions for Payment Protection would subsequently be sent to Mrs. Zarandi.

48.   Upon review, the intricate and confusing limitations, restrictions and exclusions contained in Defendants' terms and conditions made it extremely difficult for Mrs. Zarandi to determine when Payment Protection would be triggered and the exact nature of the benefits offered.

49.   Approximately three to four months after she signed up for the Mastercard and subscribed to Payment Protection, Mrs. Zarandi became unemployed.  Although Defendants initially approved Mrs. Zarandi's claim, they

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

9

failed to make the minimum monthly payments as promised. Mrs. Zarandi attempted on multiple occasions to contact Defendants regarding her right to benefits under the Payment Protection plan, but they never returned her calls or otherwise responded.

50. After here repeated attempts to communicate with Defendants failed, Mrs. Zarandi lodged a formal complaint with the Better Business Bureau. However, this action still did not resolve the issue with Defendants.

51. Despite the fact that Defendants were not paying any benefits, they continued to bill Mrs. Zarandi for Payment Protection each month. Additionally, after Defendants failed to make Mrs. Zarandi's minimum monthly payments as promised by Payment Protection, WFNNB unilaterally cancelled Mrs. Zarandi's credit card for failure to make timely payments.

## CLASS ACTION ALLEGATIONS

52. Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated pursuant to Rules 23(b)(2) and (b)(3) as follows:

**All persons residing in the State of California who (1) were solicited by Defendants to purchase Payment Protection and (2) paid for Payment Protection ("Payment Protection Subscribers") since November 2, 2006.**

**Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.**

53. This action is is maintainable as a class action under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

## FRCP 23(a) Factors

54. **Numerosity:** The Class is comprised of over 100 people and possibly

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

10

hundreds of thousands of individuals who were Defendants' customers, the joinder of which in one action would be impracticable. The exact number or identification of the Class members is presently unknown. The identity of the Class members is ascertainable, through rolls maintained by the Defendants and their agents.

55. **Commonality:** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

a.   Whether Defendants breached the Payment Protection contract;

b.   Whether Defendants violated California Insurance Code § 1631 by marketing and selling Payment Protection without registering the product with the California Department of Insurance;

c.   Whether Defendants' conduct constitutes an unfair business act or practice within the meaning of Business and Professions Code § 17200, *et seq.*

d.   Whether Defendants' conduct is likely to deceive consumers and is thus a fraudulent business act or practice within the meaning of Business and Professions Code § 17200, *et seq.*;

e.   Whether Defendants' conduct is an unlawful business act or practice within the meaning of Business and Professions Code § 17200, *et seq.*;

f.   Whether Defendants conduct constitutes false and misleading advertising in violation of Business and Professions Code § 17500, *et seq.*;

g.   Whether Defendants represented that their Payment Protection plan has characteristics, benefits, uses or quantities which the product does not have;

h.   Whether Defendants marketed and advertised Payment Protection with intent not to sell it as advertised;

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

11

i.   Whether Defendants represented that the contract for Payment Protection confers or involves rights, remedies or obligations which it does not have or involve or which are prohibited by law;

j.   Whether Defendants inserted an unconscionable provision in the contract for Payment Protection;

k.   Whether Plaintiff and the Class members are entitled to restitution of all amounts acquired by Defendants through its common and uniform scheme;

l.   Whether Plaintiff and the Class members are entitled to prospective injunctive relief enjoining Defendants from continuing to engage in the fraudulent, deceitful, unlawful, and unfair common scheme as alleged in this Complaint.

56.   **Typicality:** Plaintiff asserts claims that are typical of the entire Class, having all been targeted by Defendants as consumers who were improperly assessed charges for Payment Protection, and having paid for this product.  Plaintiff and the Class members have similarly suffered harm arising from Defendants' violations of the law as alleged in this Complaint.

57.   **Adequacy:** Plaintiff is an adequate representative of the Class because she fits within the class definition and her interests do not conflict with the interests of the Members of the Class she seeks to represent.  Plaintiff is passionate about this litigation personally and will prosecute this action vigorously for the benefit of the entire Class.  Plaintiff is represented by experienced and able attorneys from coordinated law firms that will collectively and jointly serve as class counsel.  Class counsel has litigated numerous class actions, and Plaintiff's counsel intends to prosecute this action vigorously for the benefit of the entire Class.  Plaintiff and class counsel can fairly and adequately protect the interests of all of the Members of the Class.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

12

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

## FRCP 23(b)(2)

58.     Defendants acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole.  The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants.

59.     Plaintiff's primary goal in bringing this action is to obtain injunctive relief and stop Defendants from continuing to engage in the fraudulent, deceitful, unlawful, and unfair common scheme described in this Complaint.

60.     Injunctive relief is necessary to prevent further fraudulent and unfair business practices by Defendants.  Money damages alone will not afford adequate and complete relief, and injunctive relief is necessary to restrain Defendants from continuing to commit its deceptive, fraudulent, unlawful and unfair policies.

## FRCP 23(b)(3)

61.     **Common Issues Predominate:** As set forth in detail in below, common issues of fact and law predominate because all of Plaintiff's contract, UCL and CLRA claims are based on Defendants' identical policies which are deceptive, fraudulent and unfair.

62.     **Superiority:**  The class action is the best available method for the efficient adjudication of this litigation because individual litigation of Class Members' claims would be impracticable and individual litigation would be unduly burdensome to the courts.  Plaintiff and members of the Class have suffered irreparable harm as a result of Defendants' fraudulent, deceitful, unlawful, and unfair conduct.  Because of the size of the individual Class members' claims, no Class members could afford to seek legal redress for the wrongs identified in this Complaint.  Without the class action vehicle, the Class would have no reasonable remedy and would continue to suffer losses, as Defendants continue to engage in the unlawful, unfair, and

1   unconscionable conduct that is the subject of this Complaint, and Defendants would
2   be permitted to retain the proceeds of their violations of law.  Further, individual
3   litigation has the potential to result in inconsistent or contradictory judgments.  A
4   class action in this case presents fewer management problems and provides the
5   benefits of single adjudication, economies of scale, and comprehensive supervision by
6   a single court.

7       63.     The trial and litigation of Plaintiff's claims are manageable.  Individual
8   litigation of the legal and factual issues raised by Defendants' conduct would increase
9   delay and expense to all parties and the court system.  The class action device presents
10  far fewer management difficulties and provides the benefits of a single, uniform
11  adjudication, economies of scale, and comprehensive supervision by a single court.

12      64.     **Notice to the Class:**  Class members may be located and informed of the
13  pendency of this action by a combination of direct mail, e-mail, electronic bulletins
14  and public notice, or other means.

### FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND BREACH OF THE COVENANT OF
### GOOD FAITH AND FAIR DEALING

18      65.     Plaintiff repeats and realleges the allegations set forth in the preceding
19  paragraphs, and incorporates the same as if set forth herein at length.

20      66.     Plaintiff and Defendants contracted for Payment Protection benefits.

21      67.     Upon information and belief, the terms and conditions of this agreement
22  are embodied in written materials in the possession of Defendants.

23      68.     In California, a covenant of good faith and fair dealing is implied in
24  every contract.  California has adopted the concepts of general duties of good faith
25  and fair dealing in the performance of a contract as advanced in the Restatement
26  (Second) of Contracts § 205.

27      69.     Whether by common law or statute, all contracts impose upon each party
28  a duty of good faith and fair dealing.  Good faith and fair dealing, in connection with

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

executing contracts and discharging performance and other duties according to their terms, means preserving the spirit—not merely the letter—of the bargain.  Put differently, parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

70.     Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes his conduct to be justified.  Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Examples of bad faith are evasion of the spirit of the bargain; willful rendering of imperfect performance; abuse of a power to specify terms; and interference with or failure to cooperate in the other party's performance.

71.     Defendants were in a superior bargaining position to Plaintiff and the Class with respect to the Payment Protection agreement and had superior knowledge about the nature of their business and practices and the manner in which Defendants would or would not meet their promises and obligations under and pursuant to the Payment Protection agreement.

72.     Defendants have breached the covenant of good faith and fair dealing inherent in the Payment Protection agreement.

73.     Plaintiff and the Class have performed all, or substantially all, of the obligations imposed on them in the Payment Protection agreement.

74.     Plaintiff and members of the Class have sustained damages as a result of Defendants' breach of the covenant of good faith and fair dealing.

Plaintiff prays judgment against Defendants as set forth herein below.

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CIVIL CODE § 1670.5

75.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

76.     California Civil Code § 1670.5 prohibits unconscionable contract clauses. Both procedural and substantive unconscionability must be present before a contract, or provisions in a contract, will be declared unconscionable.

77.     Defendants' Payment Protection policies and practices are substantively and procedurally unconscionable in the following material respects, among other things:

a.     Defendants unilaterally impose Payment Protection upon their customers' credit card accounts, thereby failing to disclose to customers that Payment Protection is an optional plan and that they have the option to "opt out" of Payment Protection;

b.     Defendants do not obtain affirmative consent from all subscribers prior to enrolling them in Payment Protection;

c.     Defendants do not provide the terms and conditions of Payment Protection to subscribers until <u>after</u> they have enrolled in the plan;

d.     The written documents that Defendants do eventually provide to subscribers, are ineffective, ambiguous, deceptive, unfair, and misleading in that they do not require affirmative customer consent (like a signature) and do not unambiguously state that certain customers are *per se* ineligible to receive benefits, even though Defendants have the information and means of determining eligibility prior to enrolling these customers in Payment Protection;

e.     Defendants do not alert customers that certain individuals are *per se* ineligible for Payment Protection benefits, including but not limited to retired, unemployed, self-employed, persons employed on a part-time or seasonal basis and those that are disabled;

f.     The amount charged in fees for Payment Protection is not rationally related to the amount of value Payment Protection provides to subscribers, nor is the value of Payment Protection computable or

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

16

1    discernable by subscribers;

2    g.   Defendants charge excessive fees for Payment Protection, much more

3         than the value of the benefits offered or paid out to subscribers, and are

4         able to do so because Defendants do not identify Payment Protection as

5         an insurance product, which would require it to provide fees and claims-

6         paid data to state authorities for review and regulation;

7    h.   The formula Defendants use to compute Payment Protection fees is

8         misleading such that subscribers are unable to budget for this product or

9         understand its overall cost in order to determine its value to subscribers;

10        and

11   i.   Defendants operate customer service centers in such a way as to make it

12        difficult for subscribers to cancel enrollment, obtain information about

13        the terms and conditions of Payment Protection coverage, and file claims,

14        in order for Defendants to maximize the number of Payment Protection

15        subscribers and minimize the amount of benefits it pays to these

16        subscribers.

17   78.  Considering the great business acumen and experience of Defendants in

18   relation to Plaintiffs and the Class, the great disparity in the parties' relative

19   bargaining power, the inconspicuousness and incomprehensibility of the contract

20   language at issue, the oppressiveness of the terms, the commercial unreasonableness

21   of the contract terms, the purpose and effect of the terms, the allocation of the risks

22   between the parties, and similar public policy concerns, these provisions are

23   unconscionable and, therefore, unenforceable as a matter of law.

24   79.  The imposition of Payment Protection fees which excessively exceed the

25   amount of claims-paid by a rate higher than any insurance product would be permitted

26   to charge for premiums is itself unconscionable. Such fees are not reasonably related

27   to Defendants' costs of administering the plan and providing the benefits offered.

28   80.  Plaintiffs and members of the Class have sustained damages as a result of

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

17

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1    Defendants' unconscionable policies and practices as alleged herein.

2           Plaintiff prays judgment against Defendants as set forth herein below.

3                        **THIRD CAUSE OF ACTION**

4    **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.***

5              **(Unfair and Fraudulent Conduct Prongs of the Act)**

6           81.    Plaintiff repeats and realleges the allegations set forth in the preceding

7    paragraphs, and incorporates the same as if set forth herein at length.

8           82.    This cause of action is brought pursuant to Business and Professions

9    Code § 17200, *et seq.*, on behalf of a Class consisting of all persons who subscribed to

10   Defendants' Payment Protection.

11          83.    Defendants market their Payment Protection plan as a last line of defense

12   in times of financial difficulty, promising to suspend (or even cancel) credit card

13   payments to prevent subscribers' accounts from falling into delinquency.  In reality,

14   Payment Protection is nothing more than an elaborate scheme developed to defraud

15   subscribers who diligently make premium payments month after month.  Indeed,

16   Defendants make absolutely no effort to determine whether a subscriber is ineligible

17   for Payment Protection either at the time of signing up or after the subscriber starts

18   paying premiums.  Moreover, unsuspecting subscribers have no way of determining

19   their eligibility prior to selecting the service, as the terms and conditions of the

20   Payment Protection plan are only disclosed once coverage is purchased.

21          84.    Additionally, when a subscriber's claim for Payment Protection is denied

22   (typically on the basis of undisclosed eligibility issues), the premium payments are not

23   refunded and Defendants often continue to charge and collect a monthly fee.  Even if

24   Defendants do not summarily deny a subscriber's claim, Defendants fail to make the

25   payments as promised and provide no notice of this deficiency.  In effect, Defendants

26   have significantly increased their overall profitability by preying on individuals

27   concerned about their current or future financial stability and offering a service which

28   offers no protection whatsoever.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

85.     The misrepresentations by Defendants are material facts and constitute an unfair and fraudulent business practice within the meaning of Business and Professions Code § 17200, *et seq.*

86.     There were reasonably available alternatives to further Defendants' legitimate business interests, including selling payment protection as insurance subject to regulation.

87.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations. Indeed, Plaintiff and the Class paid premiums each month to maintain a Payment Protection plan, which provides no protection for the consumer and is essentially rendered worthless by confusion as to when coverage is triggered, unreasonable restrictions in terms of the benefits provided to subscribers, and the fact that it is intentionally difficult to process claims through Defendants' customer service. Defendants' misrepresentations as to the benefits under the Payment Protection plan are likely to deceive and mislead a reasonable consumer, and actually deceived Plaintiff into believing her minimum monthly payment on her credit card would be suspended or canceled in the occurrence of a qualifying event. Plaintiff would not have subscribed to and continued paying premiums for the Payment Protection plan if she had known about the massive fraud perpetrated by Defendants.

Plaintiff prays judgment against Defendants as set forth herein below.

## FOURTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*

### (Unlawful Conduct Prong of the Act)

88.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

89.     The actions of Defendants, as alleged herein, constitute illegal and unlawful practices committed in violation of Business and Professions Code § 17200, *et seq.*

90.     Defendants have unlawfully marketed and sold Payment Protection, a contract of credit insurance, because: (1) they are selling a contract of insurance without registering with the California Department of Insurance and obtaining a valid license from the Insurance Commissioner as required under California Insurance Code § 1631; (2) they are violating sections 1770(a)(5), 1770(a)(9), 1770(a)(14), and 1770(a)(19) of the Consumer Legal Remedies Act, California Civil Code § 1750, *et seq.*; (3) they are violating California Civil Code § 1670.5; and (4) they are violating California common law.

91.     There were reasonably available alternatives to further Defendants' legitimate business interests, including selling Payment Protection as insurance subject to regulation under the California Insurance Code.

92.     Plaintiff and the Class have suffered injury in fact and monetary damage in that they purchased Payment Protection which was being sold illegally since at least four years prior to the filing of the complaint in this action.  Indeed, Plaintiff and the Class paid premiums each month to maintain a Payment Protection plan, which provides no protection for the consumer and is essentially rendered worthless by confusion as to when coverage is triggered, unreasonable restrictions in terms of the benefits provided to subscribers, and the fact that it is intentionally difficult to process claims through Defendants' customer service.  Defendants' misrepresentations as to the benefits under the Payment Protection plan are likely to deceive and mislead a reasonable consumer, and actually deceived Plaintiff into believing her minimum monthly payment on her credit card would be suspended or canceled in the occurrence of a qualifying event.  Plaintiff would not have subscribed to and continued paying premiums for the Payment Protection plan if she had known about the massive fraud perpetrated by Defendants.

Plaintiff prays judgment against Defendants as set forth herein below.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

# FIFTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *ET SEQ.*

### (False and Misleading Advertising)

93.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

94.    This cause of action is brought pursuant to Business and Professions Code § 17500, *et seq.*, on behalf of a Class consisting of all persons who subscribed to Defendants' Payment Protection.

95.    California Business & Professions Code § 17200 provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice." Additionally, Business & Professions Code § 17500 provides that it is unlawful for any person or corporation, or any employee thereof "with intent directly or indirectly to dispose of real or personal property ... or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property ... , or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading ..."

96.    Defendants engaged in the deceptive conduct alleged hereinabove, which included deceptive and untrue representations regarding Payment Protection, representations made to induce the public to purchase the product.

97.    In addition, Defendants use of marketing materials to advertise, call attention to or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

misleading advertising, and an unlawful business practice within the meaning of Business and Professions Code §§ 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business and Professions Code § 17500 and Civil Code § 1750, *et seq.*

98.     Pursuant to Business and Professions Code §§ 17203 and 17535, Plaintiff and members of the Class seek an order of this Court enjoining WFNNB from continuing to sell and collect premiums on the Payment Protection plans.  Incidental to that, Plaintiff and members of the Class also seek an order awarding restitution.

Plaintiff prays judgment against Defendants as set forth herein below.

## SIXTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *ET SEQ.*

99.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

100.    Plaintiff brings this claim under California Civil Code § 1750, *et seq.*, the Consumer Legal Remedies Act, on behalf of herself and the Class, who were subject to Defendants' above-described unfair and deceptive conduct.

101.    Defendants' Payment Protection plan constitutes a good and/or service under California Civil Code § 1750, *et seq.*

102.    Plaintiff and members of the Class subscribed to (or were enrolled without their knowledge in) Defendants' Payment Protection plan.

103.    Defendants' above-described conduct constituted the following practices proscribed by Section 1770 of the California Civil Code:

    a.     By representing that the Payment Protection plan will protect a consumer in the occurrence of a qualifying event, Defendants are "[r]epresenting that goods or services have... uses, benefits, or qualities which they do not have";

    b.     By representing that the Payment Protection plan will protect a consumer in the occurrence of a qualifying event, Defendants are "[a]dvertising

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1    goods or services with intent no to sell them as advertised";

2    c.    By selling Payment Protection to and/or continuing to collect premium

3    payments from unemployed, self-employed, part-time, and seasonal

4    California residents, senior citizens and disabled individuals, even though

5    their age, employment, or health status renders them *per se* ineligible to

6    receive benefits under the plan, Defendants are "[r]epresenting that a

7    transaction confers or involves rights, remedies or obligations which it

8    does not have or involve"; and

9    d.    By "[i]nserting an unconscionable provision in the contract"

10    memorializing the Payment Protection agreement.

11    104.    Defendants' actions described herein were done with conscious disregard

12 of Plaintiff's rights and Defendants were wanton and malicious in its concealment of

13 the same.

14    105.    Plaintiff and the Class have suffered injury in fact and have lost money as

15 a result of Defendants' false representations and unconscionable policies and

16 practices.  Indeed, Plaintiff and the Class paid premiums each month to maintain a

17 Payment Protection plan, which provides no protection for the consumer and is

18 essentially rendered worthless by confusion as to when coverage is triggered,

19 unreasonable restrictions in terms of the benefits provided to subscribers, and the fact

20 that it is intentionally difficult to process claims through Defendants' customer

21 service.  Defendants' misrepresentations as to the benefits under the Payment

22 Protection plan are likely to deceive and mislead a reasonable consumer, and actually

23 deceived Plaintiff into believing her minimum monthly payment on her credit card

24 would be suspended or canceled in the occurrence of a qualifying event.  Plaintiff

25 would not have subscribed to and continued paying premiums for the Payment

26 Protection plan if she had known about the massive fraud perpetrated by Defendants.

27    106.    Pursuant to Civil Code section 1780(a), Plaintiff seeks injunctive relief in

28 the form of enjoining the above-described wrongful acts and practices of Defendants.

Plaintiff and members of the Class shall be irreparably harmed if such an order is not granted.

107.   Pursuant to California Civil Code section 1782, Plaintiff notified Defendants on November 2, 2010 (via letter) of the alleged violations of section 1770 and demanded that the same be corrected.  In accordance with Civil Code sections 1782(a) and 1782(d), Plaintiff will subsequently amend this class action Complaint to include a request for damages.  Plaintiff requests that this Court enter such orders or judgments as may be necessary to restore any person in interest any money which may been acquired by means of such unfair business practices, and for such relief as provided in Civil Code § 1780 and the Prayer for Relief.

Plaintiff prays judgment against Defendants as set forth herein below.

## SEVENTH CAUSE OF ACTION

## COMMON LAW RESTITUTION FOR UNJUST ENRICHMENT

108.   Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

109.   In seeking to sell Payment Protection to Plaintiff and members of the putative Class, Defendants withheld material terms from consumers prior to activation of Payment Protection charges, including the express benefits, limitations, restrictions, and exclusions associated with the product.

110.   Defendants were unjustly enriched by charging Plaintiff and the Class sums for Payment Protection coverage that were in excess of amounts which would have been permissible had Defendants properly identified the service as insurance.

111.   Defendants were unjustly enriched by the practice of signing people up for Payment Protection who never agreed to be plan members.

112.   Defendants were unjustly enriched by the practice of withholding material terms of Payment Protection until after the product was charged to consumers' credit cards.

113.   Defendants were unjustly enriched by their business practice of making it

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

24

so impermissibly difficult for consumers to actually receive coverage under Payment Protection that the service was virtually worthless.  Such unconscionable acts include, but are not limited to:

    a.    Failure to pay claims and/or denying claims without explanation or sufficient investigation;

    b.    Requiring claimants to submit excessive and duplicate documentation, and/or;

    c.    Establishing a telephone number that does not allow for claimants to speak to a live person, a person in a timely manner, or a person that is properly trained to handle Payment Protection claims, order for the subscriber to successfully file a claim.

114.    Defendants were unjustly enriched by charging Plaintiff and the Class members for illusory benefits.

115.    Defendants were unjustly enriched by charging Plaintiff and the Class members without ever intending to pay claims and/or by charging subscribers who were never eligible to receive payments by the terms of the Payment Protection plan.

116.    As a result of Defendants' actions which constitute unjust enrichment, Plaintiff and Class members suffered actual damages for which Defendants are liable. Defendants' liability for those damages should be measured by the extent of its unjust enrichment.

Plaintiff prays judgment against Defendants as set forth herein below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the members of the Class defined herein, prays for judgment and relief on all Causes of Action as follows:

    A.    An order certifying that the action may be maintained as a Class Action;

    B.    An order enjoining Defendants from pursuing the policies, acts, and practices complained of herein;

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1      C.   An order requiring Defendants to pay restitution to Plaintiff and all

2           members of the Class;

3      D.   For pre-judgment interest from the date of filing this suit;

4      E.   Reasonable attorneys' fees;

5      F.   Costs of this suit; and

6      G.   Such other and further relief as the Court may deem necessary or

7           appropriate.

8

9   DATED: November 2, 2010         Attorneys for Plaintiff,

10                             Negin Zarandi and the Proposed Class

11

12

13                            By:

14                             GOLOMB & HONIK, P.C.
                             Richard M. Golomb

15                             Ruben Honik
                           Kenneth J. Grunfeld

16                             MILSTEIN, ADELMAN &

17                             KREGER, LLP
                           Gillian L. Wade

18                             Michael I. Miller

19                  **JURY TRIAL DEMANDED**

20     Plaintiff demands a jury trial on all triable issues.

21

22  DATED: November 2, 2010         Attorneys for Plaintiff,

23                             Negin Zarandi and the Proposed Class

24

25

26                            By:

27                             GOLOMB & HONIK, P.C.
                           Richard M. Golomb

28                             Ruben Honik
                           Kenneth J. Grunfeld

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILSTEIN, ADELMAN &
KREGER, LLP
 Gillian L. Wade
 Michael I. Miller

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

27

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV10- 8309 RSWL (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| **312 N. Spring St., Rm. G-8** | **411 West Fourth St., Rm. 1-053** | **3470 Twelfth St., Rm. 134** |
| **Los Angeles, CA 90012** | **Santa Ana, CA 92701-4516** | **Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

ORIGINAL

MILSTEIN, ADELMAN & KREGER, LLP
Gillian L. Wade (SBN 229124)
Michael I. Miller (SBN 226459)
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Telephone: (310) 396-9600

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

NEGIN ZARANDI, individually and on behalf of all others similarly situated,

PLAINTIFF(S)

v.

ALLIANCE DATA SYSTEMS CORPORATION, a Delaware Corporation, and WORLD FINANCIAL NETWORK NATIONAL BANK, a Delaware Corporation; and DOES 1 through 100, inclusive,

DEFENDANT(S)

CASE NUMBER

CV10 8309 RSWL JCGx

FAXED

**SUMMONS**

TO:   DEFENDANT(S): ALLIANCE DATA SYSTEMS CORPORATION, a Delaware Corporation, and WORLD FINANCIAL NETWORK NATIONAL BANK, a Delaware Corporation; and DOES 1 through 100, inclusive,

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Gillian L. Wade_____, whose address is _2800 Donald Douglas Loop North  Santa Monica, CA 90405_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____NOV - 2 2010_____

By: _____**CHRISTOPHER POWERS**_____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*



**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Negin Zarandi<br><br>Resident of Woodland Hills, California | ALLIANCE DATA SYSTEMS CORPORATION, a Delaware Corporation, and WORLD FINANCIAL NETWORK NATIONAL BANK, a Delaware Corporation; and DOES 1 through 100, inclusive, |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>MILSTEIN, ADELMAN & KREGER, LLP<br>Gillian L. Wade, Esq.; Michael I. Miller, Esq.<br>2800 Donald Douglas Loop North, Santa Monica, CA 90405; 310-396-9600 | Attorneys (If Known)<br><br>Unknown |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No     ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of Cal. Bus. Prof. C. 17200 and 17500 (UCL and FAL), Cal. Civ. C. 1750 (the CLRA), Breach Of Contract And Breach Of The Covenant Of Good Faith

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV10 8309** 

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
         ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
         ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
         ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Plano<br>Wilmington |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _~~signature~~_     Date November 2, 2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |