UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 10-8309 DSF (JCGx) | Date | 5/9/11 |
|---|---|---|---|
| Title | Negin Zarandi, et al. v. Alliance Data Systems Corp., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING Defendants' Motion to Compel Arbitration and Stay Proceedings (Docket No. 16)

     The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  For the reasons noted below, the Court GRANTS the motion.

     Plaintiff signed up for one of Defendant World Financial Network National Bank's credit cards while shopping at an Ann Taylor store in 2008.  (Zarandi Decl. ¶ 4.)  She was pre-approved for the card at the store, and used it for her purchases that day.  (Id. at ¶ 6.)

     A few weeks later, Plaintiff received the terms and conditions for the card.  (Id. at ¶¶ 10-11; Dent Decl. Ex. 1.)  The agreement contained an Arbitration Provision, which states in all capital letters that:

> IF ARBITRATION IS CHOSEN BY ANY PARTY WITH RESPECT TO A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR HAVE A JURY TRIAL ON THAT CLAIM . . . .  FURTHER, IF ARBITRATION IS CHOSEN BY ANY PARTY WITH RESPECT TO A CLAIM, YOU MAY NOT PARTICIPATE IN A CLASS ACTION OR CLASS-WIDE ARBITRATION, EITHER AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY SUCH CLAIM OR ACT AS A PRIVATE ATTORNEY GENERAL IN COURT OR IN ARBITRATION . . . .

(Dent. Decl. Ex. 1 at ¶ 39.)  The Arbitration Provision also contained the following opt-out provision:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

> [i]f you do not wish to accept this binding Arbitration Provision, you must notify us in writing within 30 days after the date indicated on your first billing statement after receipt of this Agreement stating your non-acceptance.

(Id.)  Under the agreement, World Financial had "the right to change any of the terms of this Agreement at any time." (Id. at ¶ 15.)  Plaintiff does not recall reading these terms and conditions.  (Zarandi Decl. ¶ 11.)

In December 2009, Defendants sent Plaintiff a notice that modified the Arbitration Provision in the card agreement.  (Dent. Decl. Ex. 2 at 1.)  This notice reiterated that neither party could participate in a class action in court or before an arbitrator if the other chose to arbitrate a dispute between them.  (Id. at ¶ 38.C.7.)  The notice also gave Plaintiff the right to opt-out of the Arbitration Provision within thirty days after receiving the notice.  (Id. at ¶ 38.C.1.)  The Arbitration Provision in the notice stated that it covered "any claim, dispute, or controversy between you and us that in any way arises from or relates to this Agreement, the Account, the issuance of any Card, any rewards program, any prior agreement or account," including disputes based on "consumer rights" and a "statute." (Id. at ¶ 38.C.3.)  Plaintiff does not recall receiving this document.  (Zarandi Decl. ¶ 20.)

In deciding whether to compel arbitration and stay proceedings under the Federal Arbitration Act ("FAA"), a district court's role is limited to "determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1119 (9th Cir. 2008) (internal quotation marks omitted).  The FAA "places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." Rent-A-Center, West, Inc. v. Jackson, 130 S. Ct. 2772, 2776 (2010) (internal citations omitted).  Arbitration agreements may "be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, – S.Ct. – , 2011 WL 1561956, *5 (April 27, 2011) (internal quotation marks omitted).

Plaintiff argues that the Court should not compel arbitration and stay proceedings because (1) Defendants have not shown a valid arbitration agreement exists; and (2) the arbitration agreement is unconscionable under state law due to its class action waiver.[1]  In the alternative, Plaintiff requests that the Court bifurcate Plaintiff's claims that seek injunctive relief because such relief is not subject to arbitration under California law.

---

[1] Plaintiff does not dispute that the arbitration agreement encompasses the claims she has alleged against Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Both of Plaintiff's arguments lack merit. Plaintiff does not dispute that she received the terms and conditions for her card. Her failure to opt out of the Arbitration Provision constitutes consent to those terms. See Gentry v. Superior Court, 42 Cal. 4th 443, 467-68 (2007) abrogated on other grounds, Concepcion, 2011 WL 1561956. Her second argument is no longer viable after Concepcion. See 2011 WL 1561956, *5-*13. The Court also rejects the request to bifurcate the claims seeking injunctive relief because the FAA preempts state law to the extent it prohibits arbitration of a particular type of claim. See id. at *6.

For these reasons, the motion is GRANTED.

IT IS SO ORDERED.