Daniel M. Benjamin (SBN 209240)
benjamind@ballardspahr.com
**BALLARD SPAHR LLP**
401 WEST A STREET, SUITE 1150
SAN DIEGO, CA 92101
Telephone:  619.696.9200
Facsimile:   619.696.9269

Alan J. Kaplinsky (*pro hac vice*)
kaplinsky@ballardspahr.com
Martin C. Bryce, Jr. (*pro hac vice*)
bryce@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA  19103
Telephone:  (215) 665-8500
Facsimile:  (215) 864-8999

Attorneys for Defendants Alliance Data
Systems Corporation and World Financial
Network National Bank

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEGIN ZARANDI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIANCE DATA SYSTEMS CORPORATION, a Delaware Corporation, and WORLD FINANCIAL NETWORK NATIONAL BANK, a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:10-cv-08309-DSF-JCG<br><br>**OPPOSITION OF THE DEFENDANTS ALLIANCE DATA SYSTEMS CORPORATION AND WORLD FINANCIAL NETWORK NATIONAL BANK TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE APPLICATION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>Date:  July 18, 2011<br>Time: 1:30 p.m.<br>Courtroom: 840<br>Judge: Dale S. Fischer |

Case No. 2:10-cv-08309-DFS-JCG

# TABLE OF CONTENTS

**Pages**

I.     INTRODUCTION ................................................................................... 1

II.    STANDARD ON RECONSIDERATION ................................................ 2

III.   ARGUMENT ......................................................................................... 3

    A.   **This Court Correctly Ruled That The California Law Raised By Plaintiff Is Preempted By The Federal Arbitration Act.**................... 3

        1.   **The Court Correctly Ruled That Plaintiff's Unconscionability Arguments Are Preempted By Concepcion.**................................................. 4

        2.   **Concepcion Is Not Distinguishable Based Upon The Arbitration Provision At Issue.**........ 7

        3.   **The Arbitration Provision Is Not Procedurally Unconscionable As Plaintiff Agreed To Arbitration And Twice Failed To Exercise Her Right To Opt-Out Of Arbitration.**.............. 10

    B.   **Plaintiff's Claims Are Within The Scope Of The Arbitration Provision.**....... 14

    C.   **There Is No Need For Discovery Or Further Briefing On Concepcion.**........ 16

    D.   **There Is No Reason To Certify An Interlocutory Appeal In This Matter.**................. 17

IV.    CONCLUSION .................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## C<small>ASES</small>

Arellano v. T-Mobile USA, Inc.,
No. 10-5663, 2011 WL 1842712, at *2 (N.D. Cal. May 16, 2011)....................7, 17

AT&T Mobility v. Concepcion,
131 S. Ct. 1740 (2011) ...............................................1, 3, 4, 5, 6, 7, 8, 9, 10, 16, 17

AT&T Technologies, Inc. v. Comm. Workers of Am.,
475 U.S. 643, 650 (1986) ......................................................................... 15, 16

Aventis Pharms S A v. Amphastar Pharmaceuticals, Inc.,
No. 03-887, 2005 WL 5957795, at *2 (C.D. Cal. March 25, 2005) ........................ 2

Balar Equip. Corp. v. VT Leeboy, Inc.,
336 Fed. Appx. 688, 689 (9th Cir. 2009) ............................................................ 15

Bellows v. Midland Credit Management,
No. 09-1951, 2011 WL 1691323 (S.D. Cal. May 4, 2011) .................................. 17

Bernal v. Burnett,
No. 10-1917, 2011 WL 2182903, at *6 (D. Colo. June 6, 2011)............................ 6

Cappalli v. Nat'l Bank of the Great Lakes,
281 F.3d 219 (3d Cir. 2001) ............................................................................... 11

Carroll v. Nakatani,
342 F.3d 934, 945 (9th Cir. 2003) ....................................................................... 2

Coleman v. Assurant, Inc.,
508 F. Supp. 2d 862, 866 (D. Nev. 2007) ........................................................... 16

Cruz v. Cingular Wireless, LLC,
No. 2:07-cv-714, 2008 WL 4279690, at *4 (M.D. Fla. Sept. 15, 2008)................ 14

Davidson v. Cingular Wireless, LLC,
No. 06-133, 2007 WL 896349 (E.D. Ark. Mar. 23, 2007) ................................... 14

Day v. Persels & Assocs., LLC,
No. 10-2463, 2011 WL 1770300, at *5 (M.D. Fla. May 9, 2011).......................... 6

Discover Bank v. Superior Court of Los Angeles,
36 Cal. 4th 148 (2005)........................................................................3, 4, 5, 6, 7, 17

Francis v. AT&T Mobility, LLC,
No. 07-CV-14921, 2009 WL 416063, at *9 (E.D. Mich. Feb. 18, 2009).............. 14

Gentry v. Superior Ct., 42 Cal.4th 443 (2007) ................................................... 12, 13

Goetsch v. Shell Oil Co.,
197 F.R.D. 574 (W.D.N.C. 2000) ....................................................................... 12

DMEAST #13805595 v3

Gulley v. Huntington Bank,
     734 F. Supp.2d 1294 (S.D. Fla. 2010) ....................................................13

Herrington v. Union Planters Bank, N.A.,
     113 F. Supp. 2d 1026 (S.D. Miss. 2001), aff'd, 265 F3d 1059 (5th Cir. 2001) ....11

Howard v. Wells Fargo Minn., N.A., No. 06-2821, 2007 WL 2778664, at *5 (N.D.
     Ohio Sept. 21, 2007) .......................................................................13

In re Currency Conversion Fee Antitrust Litig., 265 F. Supp. 2d 385, 406-07
     (S.D.N.Y. 2003) ...........................................................................12

Jenkins v. First Am. Cash Advance of Ga., Inc.,
     400 F.3d 868, 879 (11th Cir. 2005) (same), cert. denied, 126 S. Ct. 1457 (2006) 13

Johnson v. West Suburban Bank,
     225 F.3d 366, 374 (3d Cir. 2000), cert. denied, 531 U.S. 1145 (2001) ................13

Kaltwasser v. Cingular Wireless LLC,
     543 F. Supp.2d 1124, 1130 n.5 (N.D. Cal. 2008), ......................................12

Kinetics Noise Control, Inc. v. ECORE Intern, Inc.,
     No. 10-7902, 2011 WL 940335, at *2 (C.D. Cal. March 14, 2011) ........................2

Lloyd v. MBNA Am. Bank, N.A.,
     No. 00-109, 2001 WL 194300 (D. Del. Feb. 22, 2001), aff'd, No. 01-1752, 2002
     WL 21932 (3rd Cir. Jan. 7, 2001). ...................................................11

Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,
     460 U.S. 1, 24-25 (1983).................................................................15

Mundi v. Union Sec. Life Ins. Co.,
     555 F.3d 1042, 1044 (9th Cir. 2009).....................................................15

Pegasus Satellite TV, Inc. v. DirecTV, Inc.,
     318 F. Supp. 2d 968, 981 (C.D. Cal. 2004) ..............................................3

Providian Nat'l Bank v. Screws,
     894 So.2d 625 (Ala. 2003) ..............................................................13

Santos v. Household Internat'l Inc.,
     No. 03-1243, 2003 WL 25911112 (N.D. Cal. Oct. 24, 2003) ..............................12

Smith v. Americredit Fin. Serv.,
     No. 09-1076, 2009 WL 4895280, at *2-3 (S.D. Cal. Dec. 11, 2009) ....................13

Stolt-Nielsen, S.A. v. AnimalFeeds Int'l Corp.,
     130 S. Ct. 1758 (2010) ..................................................................5

Strawn v. AT&T Mobility,
     593 F. Supp.2d 894, 896 & 900 n.6 (S.D. W.Va. 2009)....................................14

Villegas v. US Bancorp,
     No. 10-1762, slip op. at page 2, 2011 U.S. Dist. LEXIS 65032 (N.D. Cal. June 20,
     2011).....................................................................................17

ii

Case No. 2:10-cv-08309-DFS-JCG
Table of Authorities

*Wagner v. Stratton Oakmont, Inc.*,
   83 F.3d 1046, 1049 (9th Cir. 1996)........................................................15

*Wallace v. Ganley Auto Group*,
   No. 95081, 2011 WL 2434093, at *3 (Ohio App. June 16, 2011)..........6

*Wirdzek v. Monetary Management of California, Inc.*,
   No. CV-F-99-5415, 1999 U.S. Dist. LEXIS 8544 (E.D. Cal. May 25, 1999).......12

<u>STATUTES</u>

28 U.S.C. § 1292(b) ....................................................................................1

9 U.S.C. § 2.............................................................................................4, 5

<u>RULES</u>

Cal. Central Dist. L.R. 7-18.............................................................2, 3, 14

F.C.R.P. 59(e) or 60(b) ..............................................................................2

Defendants Alliance Data Systems Corporation ("Alliance Data") and World Financial Network National Bank ("the Bank") submit this Opposition to Plaintiff's Memorandum in Support of Motion for Reconsideration or in the Alternative Application for Certification Pursuant to 28 U.S.C. § 1292(b)

## I.   INTRODUCTION

After extensive briefing by the parties, this Court ruled: (1) Plaintiff received her credit card account agreement (the "Agreement") in 2008; (2) the Agreement contained an arbitration provision; (3) Plaintiff could have opted-out of the arbitration provision but did not; (4) in December 2009 Plaintiff was sent the "Important Notice" ("Notice") which modified the arbitration provision (the "Arbitration Provision"); and (5) once again, Plaintiff had the right to opt-out of the Arbitration Provision but did not.  Memorandum, Docket No. 46, at 1-2. Consequently, this Court compelled arbitration concluding that Plaintiff's state law arguments against enforcement of the Arbitration Provision were "no longer viable" after the Supreme Court's decision in AT&T Mobility v. Concepcion, 131 S. Ct. 1740 (2011).  See Memorandum at 3.

Plaintiff seeks reconsideration of this ruling, or in the alternative, certification for interlocutory review.  She, however, has failed to offer any new or controlling law or facts that in any way call into question this Court's decision.  Rather, she only raises arguments that she previously presented to the Court.  She also contends she needs discovery although she never requested any discovery before opposing Defendants' Motion to Compel Arbitration.  These arguments do not constitute grounds for reconsideration or interlocutory review.  Indeed, since this Court's ruling, every court to have considered the issue has ruled that the Federal Arbitration Act (the "FAA") under the rationale announced in Concepcion preempts state laws that would invalidate an arbitration agreement that contains a class action waiver.

Plaintiff's Motion should, therefore, be denied.

## II.     STANDARD ON RECONSIDERATION

As reconsideration is disfavored, Plaintiff faces a difficult burden which she has not, and cannot, satisfy:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Cal. Central Dist. L.R. 7-18.

Plaintiff's arguments amount to no more than: (1) arguments that could have been raised during the briefing on Defendants' Motion to Compel Arbitration or (2) a rehash of Plaintiff's previously unsuccessful arguments.  Therefore, they should be rejected.  See, e.g., Kinetics Noise Control, Inc. v. ECORE Intern, Inc., No. 10-7902, 2011 WL 940335, at *2 (C.D. Cal. March 14, 2011) ("Although Plaintiff does not identify the specific Federal Rule of Civil Procedure it seeks reconsideration under, likely Rule 59(e) or 60(b), the Court notes that the reconsideration under either is a tightly guarded remedy used only in 'highly unusual circumstances.'") (citing Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.")); Aventis Pharms S A v. Amphastar Pharmaceuticals, Inc., No. 03-887, 2005 WL 5957795, at *2 (C.D. Cal. March 25, 2005) ("[W]hile Teva may disagree with the court's application of the facts to the law, there is not 'a manifest showing of a failure to reconsider material facts' by the court.")  (citing Cal. Cent. Dist. L.R. 7-18(c)); Pegasus Satellite TV, Inc. v. DirecTV, Inc., 318 F. Supp. 2d 968, 981 (C.D. Cal.

2004) ("Under L.R. 7-18, a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent.")

In any event, Plaintiff's arguments are wrong. Therefore, Plaintiff's Motion should be denied.

## III.   ARGUMENT

### A.   This Court Correctly Ruled That The California Law Raised By Plaintiff Is Preempted By The Federal Arbitration Act.

Reading Concepcion narrowly, Plaintiff primarily argues that "[t]he arbitration agreement at issue in this matter is unconscionable based upon California law that pre-dates the Discover Bank case [which] is still valid, binding authority." Plaintiff's Memorandum in Support of Motion for Reconsideration or in the Alternative Application for Certification ("Pltf.'s Mem.") at 5. Specifically, Plaintiff argues that the parties' Arbitration Provision is procedurally unconscionable because: (1) it is an adhesion contract; and (2) she was not provided with the terms of the Arbitration Provision before applying for her credit card and enrolling in the Payment Protection Plan. See id. at 7-8. Plaintiff argues that the Arbitration Provision is substantively unconscionable because: (1) it is "one-sided" because of the class action waiver; and (2) it imposes "excessive costs" upon Plaintiff in order to arbitrate. Id. at 8-10.

Foremost, Plaintiff raised each one of these arguments in opposition to Defendants' Motion to Compel. See Plaintiff's Opposition to Defendants' Motion to Compel, Docket No. 27, ("Pltf.'s Opp.") at 1-4, 13-20; Zarandi Declaration at ¶¶ 4-16, Docket No. 27-1. The Court rejected each of these arguments when it granted Defendants' Motion to Compel. Plaintiff offers nothing to support her contention that the Court's decision should be reconsidered and her arguments amount to nothing more than a rehash of her prior arguments. Therefore, Plaintiff's Motion should be denied out of hand. See Cal. Central Dist. Local Rule 7-18.

In any event, Plaintiff is wrong.

**1.    The Court Correctly Ruled That Plaintiff's Unconscionability Arguments Are Preempted By Concepcion.**

In an effort to demonstrate substantive unconscionability, Plaintiff can only point to the class action waiver and its alleged effects.  <u>See</u> Pltf.'s Mem. at 9. Relying upon pre-<u>Concepcion</u> Ninth Circuit authority, Plaintiff trots out the argument that class action waivers are one-sided because large companies like Defendants never bring class actions.  <u>Id</u>. Whether or not there is any validity to that argument need not be decided because it is precisely the argument found preempted by <u>Concepcion</u>.

In <u>Concepcion</u>, the Ninth Circuit, applying California law, had held that the FAA did not preempt the test employed by the California courts in determining the validity of class action waivers in arbitration agreements because the same test was also employed by the California courts in determining the validity of class action waivers outside arbitration agreements.  Under that test, formulated by the California Supreme Court in <u>Discover Bank v. Superior Court of Los Angeles</u>, 36 Cal. 4th 148 (2005), a class action waiver is unconscionable if: (a) the agreement is a consumer contract of adhesion drafted by a party with superior bargaining power, (b) the agreement occurs in a setting in which disputes between the contracting parties predictably involve small damages, and (c) it is alleged that the party with the superior bargaining power has carried out a scheme deliberately to cheat large numbers of consumers out of individually small sums of money.  <u>See</u> 131 S. Ct. at 1745.

The Supreme Court reversed the Ninth Circuit, holding that the standard applied by the California courts was inconsistent with, and therefore preempted by, the FAA.  The Supreme Court's analysis rested on the language of Section 2 of the FAA, 9 U.S.C. § 2, which provides that a written arbitration agreement involving interstate commerce "shall be valid, irrevocable, and enforceable, *save upon such*

1    *grounds as exist in law or equity for the revocation of any contract.*"  9 U.S.C. § 2.[1]

2    Thus, under the savings clause, a state law contract defense to arbitration must apply

3    to "any contract," not just an arbitration contract.

4         In analyzing the savings clause in <u>Concepcion</u>, the Supreme Court readily

5    concluded that "[a]lthough § 2's savings clause preserves generally applicable

6    contract defenses, nothing in it suggests an intent to preserve state-law rules that

7    stand as an obstacle to the accomplishment of the FAA's objectives."  131 S. Ct. at

8    1748.  Therefore, the Court held, the FAA preempts state laws such as the California

9    <u>Discover Bank</u> rule invalidating class action waivers in arbitration agreements

10   because "[r]equiring the availability of classwide arbitration interferes with

11   fundamental attributes of arbitration and thus creates a scheme inconsistent with the

12   FAA."  <u>Id</u>.

13        Reiterating a point previously made in <u>Stolt-Nielsen, S.A. v. AnimalFeeds</u>

14   <u>Int'l Corp.</u>, 130 S. Ct. 1758 (2010),  the Court emphasized that class arbitration

15   (unless consented to by both parties) is patently inconsistent with the FAA:

16   "Classwide arbitration includes absent parties, necessitating additional and different

17   procedures and involving higher stakes.  Confidentiality becomes more difficult.

18   And while it is theoretically possible to select an arbitrator with some expertise

19   relevant to the class-certification question, arbitrators are not generally

20   knowledgeable in the often-dominant procedural aspects of certification, such as the

21   protection of absent parties."  131 S. Ct. at 1750.  Accordingly, as the Supreme

22   Court held, "[t]he conclusion follows that class arbitration, to the extent it is

23   manufactured by <u>Discover Bank</u> rather than consensual, is inconsistent with the

24   FAA."  <u>Id</u>.

25

26

27   _____

[1]        The italicized words are known as the "savings clause."

28

<u>Concepcion</u> is directly applicable in this case, and nullifies the Plaintiff's reliance on any California cases or law purporting to invalidate an arbitration agreement containing a class action waiver.  Pursuant to <u>Concepcion</u>, a state law rule that conditions the enforceability of an arbitration agreement on the availability of class procedures is preempted by the FAA -- no ifs, ands or buts.  <u>Concepcion</u> requires that the class action waiver in the Arbitration Provision be enforced as a matter of preemptive federal law, the FAA.  When the parties have agreed that particular disputes will be resolved by individual arbitration, that agreement is "valid, irrevocable, and enforceable" under the FAA.

Plaintiff's arguments – whether raised under <u>Discover Bank</u> or other California authority – boil down to her contentions that the Arbitration Provision is an adhesion contract that unfairly benefits Defendants by virtue of its class action waiver.  <u>See</u> Pltf.'s Mem. at 7-9.  These are precisely the arguments broadly rejected by the Supreme Court in <u>Concepcion</u>.  The Supreme Court recognized California law as to adhesion contracts explaining that "the times in which consumer contracts were anything less than adhesive are long past."  131 S. Ct. at 1750.  "Thus, the fact that the contract at issue in <u>Concepcion</u> was an adhesion contract did not affect the Supreme Court's analysis and, indeed, the majority in <u>Concepcion</u> appeared to be little troubled by that fact."  <u>Bernal v. Burnett</u>, No. 10-1917, 2011 WL 2182903, at *6 (D. Colo. June 6, 2011) (Colorado law that would have invalidated adhesive arbitration agreement containing class action waiver preempted by FAA under rationale announced in <u>Concepcion</u>.); <u>see also</u> <u>Day v. Persels & Assocs., LLC</u>, No. 10-2463, 2011 WL 1770300, at *5 (M.D. Fla. May 9, 2011) (contention that class action waiver in adhesion contract invalid under Florida law "is defeated by the Supreme Court's decision" in <u>Concepcion</u>); <u>Wallace v. Ganley Auto Group</u>, No. 95081, 2011 WL 2434093, at *3 (Ohio App. June 16, 2011) (recognizing that in

light of <u>Concepcion</u> state law may not invalidate an arbitration agreement because it precludes class actions).

That Plaintiff's arguments are preempted, including her arguments that absent class litigation the costs of arbitration would preclude recovery, is clear from the decision in <u>Concepcion</u>.  The Supreme Court rejected Plaintiff's very argument: "The dissent claims that class proceedings are necessary to prosecute small-dollar claims that might otherwise slip through the legal system.  But Sates cannot require a procedure that is inconsistent with the FAA, even if it is desirable for unrelated reasons." 131 S.Ct. at 1753 (citation omitted).

One California court has already rejected Plaintiff's precise argument post-<u>Concepcion</u>.  <u>See</u> <u>Arellano v. T-Mobile USA, Inc.</u>, No. 10-5663, 2011 WL 1842712, at *2 (N.D. Cal. May 16, 2011).  Indeed, the <u>Arellano</u> Court recognized that <u>Concepcion</u> decided that states cannot refuse to enforce arbitration agreements based on public policy such as the desire to provide a redress for small dollar claims. <u>See</u> 131 S.Ct. at 1746 (holding that the rule in <u>Discover Bank</u> is preempted by the FAA because it is inconsistent with the FAA's purposes, despite "its origins in California's unconscionability doctrine and California's policy against exculpation").

Accordingly, this Court correctly ruled that <u>Concepcion</u> controls and Plaintiff's state law arguments are "no longer viable."

### 2.    <u>Concepcion</u> Is Not Distinguishable Based Upon The Arbitration Provision At Issue.

Advancing an argument she did not make in her Notice of Decision re: <u>Concepcion</u> (Docket No. 45), Plaintiff argues that the arbitration provision at issue in <u>Concepcion</u> materially differs from the arbitration provision in the Agreement so as to render <u>Concepcion</u> inapplicable.  <u>See</u> Pltf.'s Mem. at 10-11.  This argument is wrong as a matter of both fact and law.

Foremost, Plaintiff's entire argument is premised upon the faulty contention that the arbitration provision in the Agreement, rather than the Arbitration Provision in the Notice, applies.  In fact, Plaintiff blatantly misconstrues the arbitration agreement at issue.  She argues that this Court only enforced the arbitration provision in the Agreement and not the later Arbitration Provision added by the Notice.  See Pltf.'s Mem. at 3 n.1 ("The May 9 Order only cites the arbitration provision contained in the original Mastercard Agreement.")  Plaintiff's assertion is a misrepresentation of this Court's decision. This Court expressly found that Plaintiff had received the Notice with the updated Arbitration Provision and failed to opt-out of the same:

> In December 2009, Defendants sent Plaintiff a notice that modified the Arbitration Provision in the card agreement.  (Dent. Decl. Ex. 2 at 1.)  This notice reiterated that neither party could participate in a class action in court or before an arbitrator if the other chose to arbitrate a dispute between them.  (Id. at ¶ 38.C.7.)  The notice also gave Plaintiff the right to opt-out of the Arbitration Provision within thirty days after receiving the notice.  (Id. at ¶ 38.C.1.)  The Arbitration Provision in the notice stated that it covered "any claim, dispute, or controversy between you and us that in any way arises from or relates to this Agreement, the Account, the issuance of any Card, any rewards program, any prior agreement or account," including disputes based on "consumer rights" and a "statute."  (Id. at ¶ 38.C.3.)  Plaintiff does not recall receiving this document.  (Zarandi Decl. ¶ 20).

Memorandum at 2.  The only fair reading of this Court's decision is that it enforced the Arbitration Provision contained in the Notice.

Second, contrary to Plaintiff's arguments, the Arbitration Provision is not materially different from that at issue in Concepcion.  In particular, the Arbitration Provision contains a number of consumer-friendly terms including among others:

> (i)   The right of the cardholder to choose the arbitration administrator.  Arbitration Provision at ¶ 5.  The AT&T arbitration provision was not as consumer friendly in this regard as it did not provide for a choice of arbitration administrators.

(ii)     The arbitration must occur "at a location reasonably convenient to you." Id. at ¶ 8.

(iii)    The obligation of the Bank "to pay your reasonable attorneys' and expert witness fees if you prevail or if we must bear such fees in order for this Arbitration Provision to be enforced." Id. at ¶ 8.  This is another regard in which the Arbitration Provision is more consumer friendly than the AT&T provision as the latter did not provide for the payment of expert witness fees.

(iv)    A provision that if a cardholder submits a claim and the Bank fails to provide the requested relief, but then the arbitrator subsequently finds that the cardholder was entitled to such or greater relief, "the arbitrator shall award you at least $5,100 (plus any fees and costs to which you are entitled)."  Arbitration Provision at ¶ 14.

(v)     The right for the cardholder to pursue an individual claim in small claims court. Id. at ¶ 4.

In any event, whichever version of the arbitration agreement this Court enforced, Plaintiff has not, and cannot, cite a single case limiting Concepcion's holding to arbitration provisions that are identical to that at issue in Concepcion.  In short, Concepcion cannot be read narrowly as applying only to arbitration provisions like AT&T's.  The Supreme Court's Opinion was written in broad terms and was not confined to the facts of that case.  The issue in Concepcion was not how "consumer-friendly" AT&T's arbitration provision was, but whether California law, by conditioning the enforceability of arbitration agreements on the availability of class procedures, violated the FAA.  The Supreme Court answered that question in broad, unmistakable terms:

> States [cannot take steps that] … conflict with the FAA or frustrate its purpose to ensure that private arbitration agreements are enforced according to their terms …. Arbitration is a matter of contract, and the FAA requires courts to honor parties' expectations …. States cannot

9                     Case No. 2:10-cv-08309-DSF-JCG

require a procedure that is inconsistent with the FAA, even if it is desirable for unrelated reasons …. Because it "stands as an obstacle to the accomplishment and execution of the full purpose and objectives of Congress …," California's … rule is preempted by the FAA.

131 S. Ct. at 1752, 1753 (citations omitted).

> **3.     The Arbitration Provision Is Not Procedurally Unconscionable As Plaintiff Agreed To Arbitration And Twice Failed To Exercise Her Right To Opt-Out Of Arbitration.**

Leaving <u>Concepcion</u> aside, Plaintiff's arguments, rejected by this Court once already, are unavailing.  Whether or not Plaintiff incurred charges on her account or was pre-approved before receiving the physical MasterCard and the Agreement containing the arbitration provision is wholly irrelevant for several independent reasons.  First, when she did receive the Agreement, she had the ability to review and opt-out of the arbitration provision contained therein.  The Agreement explicitly afforded Plaintiff the right to opt-out of the arbitration provision contained therein and gave her thirty (30) days within which to do so.  <u>See</u> Agreement at ¶ 39 ("**Non-Acceptance Instructions.**"  "If you do not wish to accept this binding Arbitration Provision, you must notify us in writing within 30 days after the date indicated on your first billing statement after receipt of this Agreement stating your non-acceptance.")  (bold face in original).  Plaintiff has never contended that she opted-out of the arbitration provision in the Agreement.

Second, contrary to Plaintiff's assertion, she did not agree to the Agreement simply through silence or inaction.  To the contrary, Paragraph 3 of the Agreement explicitly provides that Plaintiff's signature on the Card, signature on "any charge slip" or "any use of the Card" constitutes "your agreement to comply with the terms provided for in this Agreement."  Plaintiff has never disputed – nor could she – that she affirmed her agreement in several ways and on several occasions: she signed the Card, she signed charge slips and she repeatedly used her Card after receipt of the Agreement.  Therefore, she agreed to the Agreement and its terms.

Third, Plaintiff's arguments also ignore the fact that she was sent the Notice adding the updated Arbitration Provision well after she had agreed to the Payment Protection plan at issue.  Pursuant to the terms of the Notice and as already recognized by this Court, Plaintiff had the unfettered right within thirty (30) days to reject both the Arbitration Provision and the arbitration provision already in the Agreement.  Arbitration Provision at ¶ C.  If Plaintiff was dissatisfied with the Payment Protection Plan or desired to opt-out of arbitration for any other reason, or no reason at all, she could have exercised her right to opt-out.  However, she has never contended that she exercised that right and, thus, she agreed to the terms of the updated Arbitration Provision.[2]  Moreover, the Arbitration Provision in the Notice could not have been a surprise to Plaintiff because the Agreement already contained an arbitration provision.

Furthermore, the Arbitration Provision expressly defines "Covered Claims" as including "any claim, dispute or controversy between you and us" and does not limit disputes to only those that arise after receipt of the Notice.  Arbitration Provision at ¶ 3.  It expressly provides that those disputes subject to arbitration include "disputes arising from actions or omissions prior to the date any Card was issued to you, including the advertising related to, application for or approval of the Account."  Id. By failing to exercise her unfettered right to opt-out of the Arbitration Provision, Plaintiff agreed to arbitrate her disputes with Defendants even if those disputes pre-dated her receipt of the Notice.[3]

---

[2]     Numerous courts have upheld the addition of updated, or even new, arbitration agreements through change-in-terms procedures whereby a consumer who fails to opt-out agrees to the change-in-terms.  See, e.g., Cappalli v. Nat'l Bank of the Great Lakes, 281 F.3d 219 (3d Cir. 2001); Herrington v. Union Planters Bank, N.A., 113 F. Supp. 2d 1026 (S.D. Miss. 2001), aff'd, 265 F3d 1059 (5th Cir. 2001); Lloyd v. MBNA Am. Bank, N.A., No. 00-109, 2001 WL 194300 (D. Del. Feb. 22, 2001), aff'd, No. 01-1752, 2002 WL 21932 (3rd Cir. Jan. 7, 2001).

[3]     Courts have consistently enforced the terms of arbitration provisions which purport to cover disputes arising prior to the effective date of the arbitration provision.  See, e.g., Wirdzek v. Monetary Management of California, Inc., No. CV-
(continued...)

Thus, this case is even stronger than <u>Santos v. Household Internat'l Inc.</u>, No. 03-1243, 2003 WL 25911112 (N.D. Cal. Oct. 24, 2003) where, in a case previously cited by Plaintiff, the Court enforced an arbitration agreement with a class action waiver because the plaintiff had the opportunity to review the same and failed to opt-out.  <u>See</u> Plaintiff's Opp. at 9-10.  Here, Plaintiff was afforded two separate and distinct thirty day periods to review first the Agreement and then the Arbitration Provision and she failed to opt-out of either.  Moreover, if she did exercise her right, she would have been able to keep her account open unlike the plaintiff in <u>Santos</u>.

Indeed, Plaintiff's unfettered right to reject the Arbitration Provision while keeping her account open distinguishes this case from the cases cited by Plaintiff. For instance, in <u>Kaltwasser v. Cingular Wireless LLC</u>, 543 F. Supp.2d 1124, 1130 n.5 (N.D. Cal. 2008), the plaintiff would have had to close his account in order to reject the arbitration provision.  Under those circumstances, the Court found the opt-out right did not negate a funding of unconscionability.  That is not the fact here.

<u>Gentry v. Superior Ct.</u>, 42 Cal.4th 443 (2007) is similarly distinguishable. The Court's decision largely turned on the fact that notwithstanding an opt-out right, the employer pressured the employee into signing the arbitration agreement. Among other things, the employer included a standard arbitration clause in the agreement, but went on to provide employees with a "markedly one-sided" handbook touting "the virtues of arbitration."  <u>Id</u>. at 470  The Court also noted that the employer was "in a position to pressure employees to choose its favored option" due to its relationship with its employees.  <u>Id</u>. at 472.  The present case does not concern the employer-employee relationship and there are no allegations that the Bank was even in any position to pressure Plaintiff.  <u>See</u> <u>Smith v. Americredit Fin.</u>

_____

(...continued)
F-99-5415, 1999 U.S. Dist. LEXIS 8544 (E.D. Cal. May 25, 1999);<u>In re Currency Conversion Fee Antitrust Litig.</u>, 265 F. Supp. 2d 385, 406-07 (S.D.N.Y. 2003); <u>Goetsch v. Shell Oil Co.</u>, 197 F.R.D. 574 (W.D.N.C. 2000).

DMEAST #13805595 v3

Serv., No. 09-1076, 2009 WL 4895280, at *2-3 (S.D. Cal. Dec. 11, 2009) (distinguishing Gentry: "Gentry involved a class action waiver in an employment agreement"). Indeed, in its decision, this Court, citing Gentry, recognized that Plaintiff's "failure to opt out of the Arbitration Provision constitutes consent to those terms." Memorandum at 3.

Fourth, the Arbitration Provision requires the Bank to pay both Plaintiff's "reasonable attorneys' and expert witness fees." Arbitration Provision at ¶ 8. This provision completely negates Plaintiff's argument that she cannot obtain or afford an attorney willing to prosecute an individual arbitration. See, e.g., Johnson v. West Suburban Bank, 225 F.3d 366, 374 (3d Cir. 2000), cert. denied, 531 U.S. 1145 (2001); Jenkins v. First Am. Cash Advance of Ga., Inc., 400 F.3d 868, 879 (11th Cir. 2005) (same), cert. denied, 126 S. Ct. 1457 (2006); Gulley v. Huntington Bank, 734 F. Supp.2d 1294 (S.D. Fla. 2010) (same).

Fifth, the Arbitration Provision provides that Plaintiff may pursue an individual claim in small claims court. Arbitration Provision at ¶ 4. Courts have repeatedly held that such a small claims court "carve out" supports a finding that a class action waiver is not unconscionable. See e.g., Jenkins, 400 F.3d at 879; Howard v. Wells Fargo Minn., N.A., No. 06-2821, 2007 WL 2778664, at *5 (N.D. Ohio Sept. 21, 2007); Providian Nat'l Bank v. Screws, 894 So.2d 625 (Ala. 2003). This is because a consumer, like Plaintiff, can easily bring an action in small claims court with its simplified procedures and may even do so without counsel. See id.

Finally, Plaintiff also ignores the fact that the Arbitration Provision provides that if she prevails in arbitration the "arbitrator shall award you at least $5,100 (plus any fees and costs to which you are entitled)." Arbitration Provision at ¶ 14. Numerous courts have held that arbitration provisions with such "bump up" provisions are not unconscionable because they incentivize consumers to pursue their claims in arbitration. See, e.g., Strawn v. AT&T Mobility, 593 F. Supp.2d 894,

896 & 900 n.6 (S.D. W.Va. 2009); Cruz v. Cingular Wireless, LLC, No. 2:07-cv-714, 2008 WL 4279690, at *4 (M.D. Fla. Sept. 15, 2008); Davidson v. Cingular Wireless, LLC, No. 06-133, 2007 WL 896349 (E.D. Ark. Mar. 23, 2007); Francis v. AT&T Mobility, LLC, No. 07-CV-14921, 2009 WL 416063, at *9 (E.D. Mich. Feb. 18, 2009).

Accordingly, even if Plaintiff's arguments were not subject to preemption, and they are, she has not and cannot demonstrate the requisite procedural unconscionability.

**B.      Plaintiff's Claims Are Within The Scope Of The Arbitration Provision.**

Plaintiff also argues, for the very first time, in support of reconsideration that "[u]pon information and belief, a separate contract exists which may govern Payment Protection [and] Defendants have failed to allege that this undisclosed agreement contains an arbitration clause." Pltf.'s Memo. at 13. Plaintiff also argues that the "missing" agreement might help explain the roles of Defendants in this case and demonstrate whether both Defendants can invoke the Arbitration Provision. Id.

Defendants' opening memorandum in support of their Motion to Compel extensively argued that Plaintiff's claims were within the scope of the Arbitration Provision. See Docket No. 16-1 at 14-16. Likewise, Defendants argued that both Defendants could invoke the Arbitration Provision. See id. at 19-21. In her Opposition, Plaintiff utterly failed to challenge either of these arguments. Nor did she seek production of the Payment Protection Plan agreement. This Court, in fact, noted that "Plaintiff does not dispute that the arbitration agreement encompasses the claims she has alleged against Defendants." Memorandum at 2 n.1. She cannot challenge this ruling now as such new arguments and demands are inappropriate for reconsideration. See Cal. Central Dist. L.R. 7-18.

In any event, Plaintiff's entire argument in this regard appears to be premised upon the supposition that she can only be compelled to arbitrate if the Payment

14      Case No. 2:10-cv-08309-DSF-JCG

Protection Plan agreement itself, rather than the Agreement or the Notice, contains an arbitration agreement. [4]  This supposition is plainly erroneous.  Each and every one of Plaintiff's claims are plainly within the broad scope of the Arbitration Provision which expressly defines "Covered Claims" as including "any claim, dispute or controversy between you and us."  Arbitration Provision at ¶ 3.

As the Court previously noted, Plaintiff did not dispute that her claims were within the scope of the Arbitration Provision.  Nor could she have done so as the FAA mandates that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983); accord Mundi v. Union Sec. Life Ins. Co., 555 F.3d 1042, 1044 (9th Cir. 2009) ("In determining whether parties have agreed to arbitrate a dispute, we apply 'general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration.'") (citing Wagner v. Stratton Oakmont, Inc., 83 F.3d 1046, 1049 (9th Cir. 1996)); Balar Equip. Corp. v. VT Leeboy, Inc., 336 Fed. Appx. 688, 689 (9th Cir. 2009) ("In the absence of any express provision excluding a particular grievance from arbitration, . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail.") (citation omitted).  Accordingly, the United States Supreme Court has held that a presumption of arbitrability exists where a contract contains an arbitration clause, and that an order to arbitrate should not be denied "unless it may be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute."  AT&T Technologies, Inc. v. Comm. Workers of Am., 475 U.S. 643, 650 (1986).  The presumption in favor of arbitrability "is particularly strong when the arbitration clause in question is broad,"

---

[4]  Defendants did not allege that it contained an arbitration agreement because it does not.  Plaintiff has never contended otherwise.

id., as it is in this case.  See Coleman v. Assurant, Inc., 508 F. Supp. 2d 862, 866 (D. Nev. 2007) (holding that "all of Plaintiff's claims … fall within the scope of [the] arbitration provision…. [T]he broad language of [the] arbitration provision encompasses all [of] Plaintiff's claims as to all parties.").

As this Court already ruled, Defendants met their burden of demonstrating the existence of the Arbitration Provision.  Plaintiff never disputed that her claims were within its scope and given its broad language, they are certainly covered as this Court ruled.   Plaintiff fails to provide any basis for reconsidering that decision and her Motion should be denied.

**C.      There Is No Need For Discovery Or Further Briefing On Concepcion.**

As her final ground for reconsideration, Plaintiff states her desire to submit "additional briefing" on Concepcion.  See Pltf.'s Mem. at 14.  Plaintiff already submitted a detailed Notice of Decision re: Concepcion (Docket No. 45).  She does not describe the additional briefing she wishes to submit or what more needs to be said about Concepcion.  Her request should be rejected.

Plaintiff also seeks discovery and offers by way of example information such as "the number of Defendants consumers that actually initiate arbitration of their claims, the number of arbitrations that Defendants initiate against their consumers, the actual cost of arbitration as required by Defendants, among other information." See Pltf.'s Mem. at 14.  She contends, without explanation, that such information "is highly relevant and crucial to determination of the issues in this case." Id.

Plaintiff fails to explain how this discovery could be relevant.  If it could be relevant, she fails to explain why she did not seek it when she first opposed Defendants' Motion to Compel Arbitration.  At that time, she sought no discovery and, instead, submitted her own declaration which this Court considered and

DMEAST #13805595 v3

rejected.[5]  Having unsuccessfully opposed arbitration, Plaintiff cannot have a second bit at the apple premised upon the need for discovery she did not originally seek.

Furthermore, the discovery Plaintiff seeks is plainly irrelevant because it is premised upon the assumption that she may still invalidate the Arbitration Provision under California law.  Under Concepcion and this Court's ruling in this case, she cannot.  In short, as this Court already determined, the salient facts are not in dispute.  Therefore, her requested discovery would be pointless.

**D.     There Is No Reason To Certify An Interlocutory Appeal In This Matter.**

Plaintiff also seeks certification to the Ninth Circuit of the question: "Is the arbitration agreement controlling and if so, is it unconscionable?"  See Pltf.'s Mem. at 15.  Plaintiff fails to explain the first part of her question and it remains a mystery.

As to the second part of her question, if it is indeed distinct from the first part, she fails to demonstrate either a substantial ground for a difference of opinion or that an appeal will immediately advance this litigation.  In short, Plaintiff's question has already been answered by Concepcion: California law is preempted.  Every court, including this Court, to have considered the issue since then has reached the identical conclusion – California law is preempted.  See, e.g., Bellows v. Midland Credit Management, No. 09-1951, 2011 WL 1691323 (S.D. Cal. May 4, 2011); Arellano, supra; Villegas v. US Bancorp, No. 10-1762, slip op. at page 2, 2011 U.S. Dist. LEXIS 65032 (N.D. Cal. June 20, 2011) (noting that Concepcion "overruled" Discover Bank).  Nor has she demonstrated how an interlocutory appeal can materially advance this litigation.  As expressly required by section 16 of the FAA,

---

[5] Plaintiff is represented by three different law firms in this matter and all of the attorneys representing her are experienced counsel.  Presumably, they considered the alleged need for discovery and did not press such before opposing Defendants' Motion to Compel Arbitration because they thought it neither relevant nor necessary.  They offer no explanation for their change of mind.

Plaintiff may proceed to arbitration on her individual claims.  She has offered no justification for ignoring the requirements of section 16.

There is simply no reason for an interlocutory appeal in this matter and Plaintiff's alternative motion should be denied.

## IV.   CONCLUSION

For all of the foregoing reasons, the Court should deny Plaintiff's Motion for Reconsideration or, in the Alternative, Application for Certification.

Respectfully Submitted,

DATED:  June  27, 2011          **s/ Daniel M. Benjamin**
                                                DANIEL M. BENJAMIN

OF COUNSEL:                     Ballard Spahr LLP
Alan J. Kaplinsky
Martin C. Bryce, Jr.            Attorneys for Defendants
Ballard Spahr LLP               Alliance Data Systems Corporation and World
1735 Market Street, 51st Floor  Financial Network National Bank
Philadelphia, PA  19103
215.665.8500
215.864.8999 (Fax)

DMEAST #13805595 v3