UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 10-8309 DSF (JCGx) | Date | 7/21/11 |
| Title | Negin Zarandi, et al. v. Alliance Data Systems Corp., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Plaintiff's Motion for Reconsideration, or, in the Alternative, for Certification of Order under 28 U.S.C. § 1292(b) (Docket No. 47)

The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for August 1, 2011 is removed from the Court's calendar. For the reasons noted below, the Court DENIES the motion.

## I. BACKGROUND[1]

Plaintiff signed up for one of Defendant World Financial Network National Bank's credit cards while shopping at an Ann Taylor store in 2008. (Docket No. 27-1 ¶ 4.) She was pre-approved for the card at the store, and used it for her purchases that day. (Id. at ¶ 6.)

A few weeks later, Plaintiff received the terms and conditions for the card. (Id. at ¶¶ 10-11; Docket No. 16-2 Ex. 1.) The agreement provided that (1) either party could require the other to arbitrate any disputes they may have; (2) Plaintiff could not participate in a class action or class arbitration; and (3) World Financial had "the right to change any of the terms of [the] Agreement at any time." (Docket No. 16-2 Ex. 1 at ¶¶ 15, 39.)

In December 2009, Defendants sent Plaintiff a notice that modified the arbitration

---

[1] The Court's May 9, 2011 order provides a more detailed account of the factual background of this action. (Docket No. 46.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

clause in the 2008 agreement.[2]  (Docket No. 16-2 Ex. 2 ¶ 9, at 1.)  This notice also stated that the parties could require one another to arbitrate any disputes they may have, and that the parties could not participate in a class action or class arbitration.  (Id. at ¶ 38.C.7.)  The updated arbitration clause noted that it covered "any claim, dispute, or controversy between you and us that in any way arises from or relates to this Agreement, the Account, the issuance of any Card, any rewards program, any prior agreement or account," including disputes based on "consumer rights" and a "statute."  (Id. at ¶ 38.C.3.)

Plaintiff filed this class action on November 2, 2010, and alleged several state law claims against Defendants for their administration of the card's payment protection plan.  (Docket No. 1 ¶ 4.)  On January 20, 2011, Defendants filed a motion to compel arbitration.  (Docket No. 16.)  Before ruling on the motion, the Court stayed the action to await the Supreme Court's decision in AT&T Mobility LLC v. Concepcion, 130 S. Ct. 3322 (2010).  On April 27, 2011, the Supreme Court held that the Federal Arbitration Act ("FAA") preempted California's law on the unconscionability of a class action waiver in an arbitration agreement as defined by Discover Bank v. Superior Court, 36 Cal. 4th 148 (2005).[3]  See AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740 (2011).  After reviewing the decision in Concepcion and Plaintiff's additional briefing on that decision, (see Docket No. 45), the Court granted the motion to compel arbitration.  (Docket No. 46.)

## II.  LEGAL STANDARDS

### A.  Motion for Reconsideration

In order to prevail on a motion for reconsideration, a party must show there was: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a

---

[2] Plaintiff mistakenly assumes that this notice did not change the terms of the parties' agreement.  The 2008 agreement explicitly gave World Financial the power to change the agreement's terms, which the 2009 notice did.

[3] Under Discover Bank, an arbitration agreement with a class action waiver is unconscionable if (1) it is in a contract of adhesion; (2) the dispute between the parties involves a small amount of damages; and (3) the Plaintiff alleges that the party with superior bargaining power deliberately carried out a scheme to cheat large numbers of consumers out of individually small sums of money.  Discover Bank, 36 Cal. 4th at 162-63.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

manifest showing of a failure to consider material facts presented to the Court before such decision." Local Rule 7-18.

### B. Certifying a Non-final Order for Appeal under 28 U.S.C. § 1292(b)

A non-final order may be certified for interlocutory appeal under 28 U.S.C. § 1292(b) "where it 'involves a controlling question of law as to which there is substantial ground for difference of opinion' and where 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" Reese v. BP Exploration (Alaska) Inc., – F.3d – , 2011 WL 2557238 (9th Cir. June 29, 2011) (quoting 28 U.S.C. § 1292(b)). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).

## III. DISCUSSION

### A. Motion for Reconsideration

Plaintiff argues the Court should reconsider its May 9, 2011 order granting Defendants' motion to compel arbitration. (See Docket No. 46.) In deciding whether to compel arbitration and stay proceedings under the FAA, a district court's role is limited to "determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1119 (9th Cir. 2008) (internal quotation marks omitted). The FAA "places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." Rent-A-Center, West, Inc. v. Jackson, 130 S. Ct. 2772, 2776 (2010) (internal citations omitted). Arbitration agreements may "be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." Concepcion, 131 S. Ct. at 1746 (internal quotation marks omitted).

Plaintiff argues the Court should reconsider its finding that a valid agreement to arbitrate exists because the arbitration clause in the parties' agreement is unconscionable for reasons independent of those stated in Discover Bank. Despite this contention, Plaintiff's argument that the arbitration agreement is unconscionable follows the logic of Discover Bank, i.e., the agreement was a contract of adhesion and the arbitration clause is a de facto exculpatory clause because parties will not litigate these disputes on an individual basis due to the costs involved and relatively small amount of damages in dispute. (See Mot. at 7-10, 14.) In fact, the Ninth Circuit has noted that the decisions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### MEMORANDUM

Plaintiff relies on for this argument – Ting v. AT&T, 319 F.3d 1126 (9th Cir. 2003) and Ingle v. Circuit City Stores, Inc., 328 F.3d 1165 (9th Cir. 2003) – are premised on the same logic as Discover Bank's unconscionability rule. See Shroyer v. New Cingular Wireless Servs., Inc., 498 F.3d 976, 982 (9th Cir. 2007), abrogated by Concepcion, 131 S. Ct. 1740. For these reasons, Plaintiff has not shown there are grounds independent of those stated in Discover Bank to find the arbitration clause unconscionable.

Plaintiff also argues that the Court should reconsider its decision that the parties' arbitration agreement covers this dispute. Plaintiff contends – for the first time – that there is an agreement other than the one presented in Defendants' motion to compel arbitration that may show this dispute is not arbitrable. Plaintiff has not provided the Court with any reason why this issue could not have been presented to the Court through the exercise of reasonable diligence in Plaintiff's opposition to the motion to compel arbitration. Moreover, the Court disagrees with Plaintiff that the existence of this alleged agreement is a "new" fact in light of Concepcion. The materiality of the agreement should have been obvious to Plaintiff before Concepcion was decided.

### B. Motion to Certify the May 9, 2011 Order for Appeal under § 1292(b)

The Court also denies Plaintiff's request for an order certifying the May 9, 2011 order for interlocutory appeal under § 1292(b). Plaintiff argues that an appeal will clarify whether the agreement's arbitration clause is unconscionable after Concepcion, but the Court does not believe there are substantial grounds for difference of opinion on this issue. "[J]ust because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) (internal quotation marks omitted). Plaintiff has failed to identify any grounds for finding that the arbitration clause is unconscionable other than those in Discover Bank. Although there may be a substantial difference of opinion regarding Concepcion's overall scope, Concepcion explicitly holds that Discover Bank cannot be used to find an arbitration clause unconscionable pursuant to the FAA. In any event, an interlocutory appeal will not "materially advance the ultimate termination of the litigation."

### IV. CONCLUSION

The motion is DENIED.

IT IS SO ORDERED.